JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LISA BEVERLY

**(b)** County of Residence of First Listed Plaintiff **PHILADELPHIA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marc A. Weinberg, Esquire, Saffren & Weinberg, 815 Greenwood Avenue, Suite 22, Jenkintown, PA 19046; (215) 576-0100

## DEFENDANTS
WILLOW TERRACE and RC OPERATOR, LLC

County of Residence of First Listed Defendant **PHILADELPHIA**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC 201
Brief description of cause:
UNPAID WAGES

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 05/03/2018
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| LISA BEVERLY | : | CIVIL ACTION |
| v. | : | |
| WILLOW TERRACE, ET AL | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 05/03/2018 | Marc A. Weinberg, Esquire | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-576-0100 | 215-576-6288 | mweinberg@saffwein.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2130 N. Marvine Street, Philadelphia, PA 19138

Address of Defendant: 1 Penn Boulevard, Philadelphia, PA 19144

Place of Accident, Incident or Transaction: 1 Penn Boulevard, Philadelphia, PA 19144
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐ No☒

Does this case involve multidistrict litigation possibilities?   Yes☐ No☒

*RELATED CASE, IF ANY:*
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐ No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐ No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐ No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Fair Labor Standards Act

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Marc A. Weinberg, Esquire, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 05/03/2018         Marc A. Weinberg, Esquire         60643
                         Attorney-at-Law                   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/03/2018         Marc A. Weinberg, Esquire         60643
                         Attorney-at-Law                   Attorney I.D.#

CIV. 609 (5/2012)

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __2130 N. Marvine Street, Philadelphia, PA  19138__

Address of Defendant: __1 Penn Boulevard, Philadelphia, PA  19144__

Place of Accident, Incident or Transaction: __1 Penn Boulevard, Philadelphia, PA  19144__
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒

*RELATED CASE, IF ANY*:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) __Fair Labor Standards Act__

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, __Marc A. Weinberg, Esquire__, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __05/03/2018__     __Marc A. Weinberg, Esquire__     __60643__
                                       Attorney-at-Law                                    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __05/03/2018__     __Marc A. Weinberg, Esquire__     __60643__
                                       Attorney-at-Law                                    Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BEVERLY | : |
| 2130 N. Marvine Street | : **Complaint** |
| Philadelphia, PA 19138 | : **Civil Action** |
| v. | : **Jury of Eight (8) Demanded** |
| WILLOW TERRACE | : |
| 1 Penn Boulevard | : |
| Philadelphia, PA 19144 | : |
| and | : **NO.** |
| RC OPERATOR, LLC | : |
| 1 Penn Boulevard | : |
| Philadelphia, PA 19144 | : |

### INTRODUCTION

This is a claim brought by Plaintiff, LISA BEVERLY ("Plaintiff or Beverly") against Defendants, WILLOW TERRACE and RC OPERATOR, LLC ("Defendants or Willow Terrace or RC OPERATOR"), for violations of the Fair Labor Standards Act of 1938 ("FSLA"), as amended, 29 U.S.C. § 201 *et seq.*, Pennsylvania Wage Payment and Collection Law, Act of 1961, P.L. 637, No. 329, Pennsylvania common law under <u>Shick v. Shirey</u>, 716 A.2d 1231 (Pa. 1998), and a retaliation claim under the FLSA and in support thereof states and avers as follows:

### PARTIES

1. Plaintiff, LISA BEVERLY (hereinafter "Plaintiff" or "Beverly") is an adult individual who resides at 2130 N. Marvine Street, Philadelphia, PA and was at all times relevant hereto employed by Defendant, WILLOW TERRACE (hereinafter "Defendant or WILLOW TERRACE ").

2. Defendant, WILLOW TERRACE , is a corporation, entity or business organization operating at 1 Penn Boulevard, Philadelphia, PA 19144, and at all times relevant

hereto did business in the Commonwealth of Pennsylvania.

3. Defendant, RC OPERATOR, LLC, is a corporation, entity or business organization operating at 1 Penn Boulevard, Philadelphia, PA 19144, and at all times relevant hereto did business in the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is appropriate before this Court under Federal Question Jurisdiction and Supplemental Jurisdiction, 28 U.S.C. §§ 1331, 1337, and 1367.

5. Venue is appropriate before this Court under 28 U.S.C. § 1391 (b) as Defendants regularly conduct business within the Eastern District of Pennsylvania and all acts and omissions which are the subject of Plaintiff's Complaint occurred therein.

## FACTUAL AVERMENTS

6. Plaintiff commenced employment with the Defendants on or about October 2011

7. The Plaintiff was hired as a Registered Nurse.

8. The Plaintiff was not paid hours for overtime and regular pay in 2013, 2014 and 2015.

9. The Plaintiff reported her hours properly for each week of work.

10. Plaintiff was terminated on May 5, 2015.

11. Plaintiff's termination was directly related to her complaining and reporting Defendant's failure to properly pay her regular wages and her overtime wages.

12. Plaintiff was required to clock out for all lunch hours, but was not permitted to take lunch hours.

13. Plaintiff was an hourly employee and was non-exempt as she was a registered

nurse without any management duties.

14. As an hourly employee Plaintiff was entitled to overtime pay and his non-exempt status.

15. Plaintiff recorded and reported his overtime on a regular and timely basis to the proper personnel with the Defendant.

16. Overtime was not paid regardless of the fact that all hours and overtime were reported properly.

## COUNT I
### Violation of the FSLA for Unpaid Overtime and Regular Hours

217. Plaintiff incorporates the preceding paragraphs as if set more fully at length herein.

18. At all times relevant hereto, Defendant engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

19. At all times relevant, the Defendant employed Plaintiff within the meaning of the FLSA.

20. The FLSA requires covered employers to compensate covered employees for every hour worked in a workweek. See 29 U.S.C. § 206(b).

21. The FLSA requires covered employers to pay covered employees overtime compensation at a rate "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. See 29 U.S.C. § 207(a)(1).

22. Throughout the relevant period, Plaintiff and other employees who were similarly

situated were non-exempt covered employees entitled to the protections of the FLSA.

23. Throughout the relevant period, the Defendant were covered employers, subject to the provisions of the FLSA, and were not exempt from providing FLSA overtime benefits for any reason.

24. The Defendant has a policy and practice of refusing to pay overtime compensation to Plaintiff and failure to pay overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the 40 hours workweek, is a violation of the Fair Labor Standards Act of 1938, in particular 29 U.S.C. §§ 206, 207.

25. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) because the Defendant violated Plaintiff's rights as an employee even after Plaintiff brought this to their attention on multiple occasions.

26. Due to the Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant their unpaid overtime compensation, an additional amount equal to liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs of this action, pursuant to 29 U.S.C. § 216(b).

27. Plaintiff was retaliated against and terminated for demanding payment of the overtime hours that she worked, reported and was entitled to be paid for.

WHEREFORE, Plaintiff demands judgment against the Defendant and respectfully requests the following relief:

    a. Damages, including but not limited to interest, liquidated damages, and counsel fees in the amounts due Plaintiff, and others similarly situated, for overtime compensation;

    b. Equitable relief in the form of an order directing the Defendant to comply with the

Fair Labor Standards Act and Pennsylvania Wage Payment and Collection Law; and

c. Such other and further relief as this Court deems proper.

## COUNT II
### Violation of The Pennsylvania Wage Payment and Collection Law, Act of 1961, P.L. 637, No. 329

28. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

29. At all times relevant, the Defendant employed Plaintiff for work weeks of forty (40) hours to which Plaintiff performed said duties in a timely manner to the best of his abilities.

30. At all times relevant, Plaintiff was an employee of the Defendant and entitled to pay on a regular basis.

31. Defendants had knowledge of the hours that Plaintiff worked during his tenure.

32. Defendants deprived the Plaintiff of pay for the hours worked as enumerated *supra*.

33. Defendants have violated the Pennsylvania Wage Payment and Collection Law, Act of 1961, P.L. 637, No. 329 by failing to make timely payments in the form of a proper pay check for the hours properly worked by the Plaintiff on the payday as required.

34. The Defendant set the pay days for the Plaintiff at the time of hiring.

35. None of the wages claimed are considered fringe benefits, but rather hourly wages due and owed.

WHEREFORE, Plaintiff demands judgment against the Defendant and respectfully

requests the following relief:

    a.    Lost wages, as well as compensatory and back pay damages to the fullest extent permitted under state law;

    b.    Litigation costs, expenses, and attorney's fees to the fullest extent permitted under state law;

    c.    Civil penalties as provided under the law;

    d.    Treble damages as provided under the law;

    e.    Interest for monies not paid; and

    f.    Such other and further relief as this Court deems just and proper.

## COUNT III
**Retaliation in Violation of the Fair Labor Standards Act, 29 U.S.C § 201 et seq**

36. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

37. At all times relevant, Defendants employed Plaintiff and persons similarly situated, for work weeks in excess of forty (40) hours.

38. At all times relevant, Plaintiff and the other similarly situated persons were not exempt from the Fair Labor Standards Act of 1938 (FLSA) and were therefore entitled to payment for time and a half for hours worked in excess of forty (40) in a work week.

39. During Plaintiff's employment, he became aware that the Defendant was not paying overtime hours, and when they were they were, were not paying the correct amount.

40. The Defendant - by and through its officers, employees, and agents - knew or had reason to know that this conduct was taking place.

41. Plaintiff was terminated for addressing the issues of non-payment with his

Supervisors.

42. The retaliatory acts by Defendant, which included terminating Plaintiff's employment, were not in compliance with anti-retaliation provisions and standards of the FLSA.

WHEREFORE, Plaintiff demands judgment against the Defendant and respectfully requests the following relief:

a. Lost wages, as well as compensatory and back pay damages to the fullest extent permitted under state law;

b. Litigation costs, expenses, and attorney's fees to the fullest extent permitted under state law; and

c. Such other and further relief as this Court deems just and proper.

## COUNT IV
### Violation of Pennsylvania Common Law

43. Plaintiff hereby incorporates by reference all of the aforementioned paragraphs as if fully set forth at length herein.

44. Plaintiff was wrongfully terminated pursuant to the Common Law of Pennsylvania and protected under Shick v. Shirey, 716 A.2d 1231 (Pa. 1998) as enumerated *supra*.

45. The conduct of Defendants' treatment of Plaintiff in his employment, termination and retaliation violated the Pennsylvania Common Law.

46. Plaintiff was terminated in part because of his work accident, reporting said work accident and sustaining injuries in said work accident.

WHEREFORE, Plaintiff, seeks a determination that Defendants violated the Pennsylvania Common Law including but not limited to: back pay and front pay; equitable relief; injunctive relief included but not limited to barring future discriminatory conduct; attorney's fees, expert fees, costs and expenses; and such further relief as this Court deems just and fair.

**Respectfully submitted,**

**SAFFREN & WEINBERG**

BY: _____
MARC A. WEINBERG, ESQUIRE
815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046
(215) 576-0100

**Dated: May 2, 2018**