IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BEVERLY, <br> Plaintiff <br><br> vs. <br><br> RC OPERATOR, LLC <br> f/k/a WILLOW TERRACE <br> Defendant | : CIVIL ACTION <br> : <br> : <br> : NO. 2:18-cv-1869 <br> : <br> : <br> : <br> : <br> : |

## **ORDER**

AND NOW, upon consideration of the Plaintiff's, Lisa Beverly and Defendant's, RC Operator, LLC Joint Motion to Approve the Settlement Agreement in this matter, is hereby ORDERED and DECREED that the parties Settlement Agreement, attached to the Joint Motion as Exhibit "A", is hereby approved.

BY THE COURT:

_____

J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BEVERLY,<br>   Plaintiff | : CIVIL ACTION<br>:<br>: |
| vs. | : NO. 2:18-cv-1869<br>: |
| RC OPERATOR, LLC<br>f/k/a WILLOW TERRACE<br>   Defendant | :<br>:<br>: |

## **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff, Lisa Beverly (hereinafter "Plaintiff") and Defendant, RC Operator, LLC jointly (hereinafter "Defendant") file this Joint Motion for Approval of Settlement under the provisions of the Fair Labor Standards Act.

In support of this Motion, the parties rely upon the points set forth in the accompanying Memorandum of Law, and all exhibits and other supporting documents. A proposed Order is attached.

Plaintiff and Defendant jointly request that this Motion be granted.

Respectfully submitted,

By: /s/ Marc A. Weinberg
_____
Marc A. Weinberg, Esq.
*Saffren & Weinberg*
815 Greenwood Ave., Ste. 22
Jenkintown, PA 19046
p: (215) 576-0100
mweinberg@saffwein.com
*Counsel for Plaintiff*

Respectfully submitted,

By: /s/ Will Whitman
_____
Will Whitman, Esq.
*Whitman, LLC*
500 E. Swedesford Rd., Ste. 300
Wayne, PA 19087
p: (610) 572-2860
will@whitmanllc.com
*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BEVERLY,<br>   Plaintiff<br><br>  vs.<br><br>RC OPERATOR, LLC<br>f/k/a WILLOW TERRACE<br>   Defendant | : CIVIL ACTION<br>:<br>:<br>:<br>: NO. 2:18-cv-1869<br>:<br>:<br>:<br>:<br>: |

## MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

Plaintiff, Lisa Beverly (hereinafter "Plaintiff"), and Defendant, RC Operator, LLC, (hereinafter "Defendant"), jointly move for this Court to approve the Parties' settlement and settlement agreement. This motion is based upon an agreement reached during a settlement conference held before the Honorable Thomas J. Rueter, on August 6, 2019, wherein the parties agreed to resolve this matter with twenty-five thousand dollars ($25,000.00) being paid to Plaintiff. A true and correct copy of the Confidential Settlement Agreement and General Release is attached hereto and incorporated herein as Exhibit "A."

I. **Factual Background**

This matter arises from Plaintiff's claims alleging that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, the Pennsylvania Wage Payment and Collection Law, Act of 1961 P.L. 637, No. 329, Pennsylvania common law under *Schick v. Shirley*, 716 A.2d 1231 (Pa. 1998), and retaliation under the FLSA.

Plaintiff, Lisa Beverly, was hired by the Defendant on or about October, 2011, as a registered nurse at the Willow Terrace facility. During her time as an employee, Ms. Beverly alleges that she was not paid for overtime, nor for her regular pay. Ms. Beverly alleges that she

was unfairly and improperly compensated by the Defendant in 2013, 2014 and 2015 (when she was ultimately terminated). Ms. Beverly alleges that she properly reported to work, and completed her shifts, but was terminated on March 5, 2015, allegedly in retaliation for her complaints to her employer regarding unpaid wages.

The parties attended a Settlement Conference before the Honorable Thomas J. Rueter, on August 6, 2019. At that conference, the parties agreed to a settlement, amounting to twenty-five thousand ($25,000.00) dollars, as compensation for full releases of all of Plaintiff's claims, including her claims for unpaid wages. It is important to note that an overriding factor in considering this resolution between the parties was the insolvency of the defendant.

## II. Legal Argument

Generally, the Fair Labor Standards Act provides:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

*29 U.S.C. § 207(a)(1)*. Thus, employers covered by the FLSA must pay overtime compensation to employees who work for more than forty (40) hours a week, unless an exception applies. *Packard v. Pittsburgh Transp. Cp.*, 418 F.3d 246, 250 (3d Cir. 2005).

Plaintiff and Defendant now jointly move for the Court's approval of the Settlement Agreement reached in this matter, pursuant to *29 U.S.C. § 216(b)*. Once parties present a proposed settlement agreement to the district court pursuant to *§ 216(b)*, the Court may enter a stipulated judgment if it determines that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *See, Adams v. Bayview Asset Mgmt., LLC*, 11 F. Supp.

3d 474, 476 (E.D. Pa. 2014); *see also*, *Cuttic v. Crozer-Chester Medical Center*, 868 F. Supp. 2d 464, 466 (E.D.Pa. 2012).

Though the Third Circuit has not specifically addressed which factors the district court should consider when approve FLSA settlements, the district courts in this circuit have followed the Eleventh Circuit's decision in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see Kraus v. PA Fit II*, 155 F. Supp. 3d 516, 521 (E.D.Pa. 2016). The court stated in *Lynn's Food* that the Court may enter a stipulated judgment if it determines the resolution is fair and reasonable under FLSA, rather than a "mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food*, 679 F.2d at 1354. A bona fide dispute under the FLSA includes a computation of back wages. *Id.*

When determining whether a proposed settlement agreement merits approval, the Court must first consider whether the agreement is fair and reasonable, and then proceed to determine whether it further or frustrates the implementation of FLSA.

Though this matter was listed for trial, at a settlement conference, the parties reached this fair and equitable settlement agreement. It is the position of the parties that the settlement agreement is fair and reasonable under the FLSA. It is important to note that the amount of money available from the defendant is limited, given the defendant's constrained financial status. Given the defendant's financial status in this matter, a settlement agreement was the most reasonable and equitable resolution to this matter. Moreover, the settlement amount reached between the parties is fair and reasonable, as it includes a computation for the Plaintiff's past unpaid wages.

Further, the Settlement Agreement only serves to further the implementation of FLSA in

the workplace. *See, Kraus, supra.* at 532. Releases typically only run contrary to FLSA if they are overly broad and the parameters of the FLSA claim are unclear. Here, the Release is limited in nature, and the parameters are clear, since the release for Plaintiff is limited to wage and hour claims, and other matters that are within the scope of this lawsuit.

Finally, the FLSA also provides that the court, "shall in addition to any judgment awarded to the plaintiff... allow a reasonable attorney's fee to be paid by the defendant and the costs of the action.: *29 U.S.C. § 216(b)*. "Percentage of recovery is the prevailing method used by courts in the Third Circuit for wage and hour cases." *See Kraus, supra.* at 533. Plaintiff signed a Fee Agreement with Plaintiff's counsel for a forty percent (40%) contingency fee. (See Fee Agreement attached hereto as Exhibit "B"), thus, the attorney's fees and costs outlined in the Release are permissible under FLSA and permissible pursuant to the Plaintiff's Fee Agreement.

### III. Conclusion

For all the foregoing reasons, it is respectfully requested that this Honorable Court grant this joint Motion, and approve the parties Settlement Agreement.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| */s/ Marc A. Weinberg* | */s/ Will Whitman* |
| By: _____ | By: _____ |
| Marc A. Weinberg, Esq. | Will Whitman, Esq. |
| *Saffren & Weinberg* | *Whitman, LLC* |
| 815 Greenwood Ave., Ste. 22 | 500 E. Swedesford Rd., Ste. 300 |
| Jenkintown, PA 19046 | Wayne, PA 19087 |
| p: (215) 576-0100 | p: (610) 572-2860 |
| mweinberg@saffwein.com | will@whitmanllc.com |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

EXHIBIT A

# CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE (the "Agreement") is made and entered into by and between Lisa Beverly, for herself and her heirs, executors, administrators, personal representatives and assigns (hereinafter collectively referred to as "Beverly"); RC Operator, LLC f/k/a Willow Terrace, and its affiliates, parent or controlling corporations, divisions, subsidiaries, and all of their directors, officers, partners, members, agents, insurers, reinsurers, representatives, attorneys, supervisors, employees, successors, and assigns (hereinafter collectively referred to as "RCO"). Beverly and RCO are hereinafter collectively referred to as the "Parties."

1. **Termination of Employment**. The Parties agree that Beverly's employment with RCO ended effective May 5, 2015.

2. **Beverly's General Release of All Claims**. In consideration of the provisions of this Agreement, Beverly hereby knowingly and voluntarily releases and forever discharges RCO as defined above and Joseph Schwartz, including his heirs, executors, administrators, personal representatives and assigns, and his family members, and all of their agents, insurers, reinsurers, representatives, attorneys, supervisors, employees, successors, and assigns (hereinafter collectively "Released Parties"), from any and all suits, causes of action, complaints, charges, obligations, demands, or claims of any kind, including those relating to her employment and termination thereof, whether in law or in equity, direct or indirect, known or unknown (hereinafter "Claims"), which Beverly ever had or now has against the Released Parties, arising out of or relating to any matter, thing or event occurring up to and including the date of this Agreement, exclusive of a claim for breach of this Agreement. This General Release specifically includes, but is not limited to:

    a. any and all Claims arising from, involving, or relating to the subject matter of the Complaint filed in the United States District Court for the Eastern District of Pennsylvania, captioned, <u>Lisa Beverly v. RC Operator, LLC f/k/a Willow Terrace</u>, Docket No.: 2018-1869 (hereinafter referred to as the "Complaint");

    c. any and all Claims for wages and benefits, including salary, overtime, commissions, bonuses, health benefits, pension benefits, vacation pay, severance pay, settlement pay and any other form of compensation;

    d. any and all Claims for wrongful discharge in violation of express or implied public policy of the United States, the Commonwealth of Pennsylvania, or any state, constructive discharge, retaliatory discharge, hostile work environment, harassment, breach of contract (whether express or implied), and breach of the implied covenant of good faith and fair dealing;

    e. any and all Claims for employment discrimination or retaliation on the basis of age, race, color, religion, sex, national origin, veteran status, disability and/or handicap, perceived disability, marital status, sexual orientation, or any other characteristic protected by law, and any and all claims in violation of any federal, state or local statute, ordinance, executive order, or common law doctrine

including, but not limited to, Claims for discrimination under Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act, as amended; the Americans with Disabilities Act; the Americans with Disabilities Amendments Act of 2008; the Genetic Information Nondiscrimination Act of 2008; the Employee Retirement and Income Security Act of 1974, and any other applicable federal or state statute relating to employee benefits or pensions; 29 U.S.C. Sec. 1001; the Electronic Communications Privacy Act; the Consolidated Omnibus Budget Reconciliation Act; the Occupational Safety and Health Act; 42 U.S.C. Sec. 1981; the National Labor Relations Act; the Fair Labor Standards Act; the Rehabilitation Act of 1972; the Family and Medical Leave Act; the Pennsylvania Human Relations Act; the Pennsylvania Whistleblower Law; the Conscientious Employee Protection Act; the Pennsylvania Wage Payment and Collection Law, and all Pennsylvania wage and hour, overtime, disability leave laws; the Pennsylvania Constitution; the U.S. Constitution; and any other federal, state, foreign, or local laws or regulations prohibiting employment discrimination of any kind;

f. any and all Claims in tort (including, but not limited to, any Claims for assault and battery, misrepresentation, fraud, defamation, libel, slander, interference with contract or prospective economic advantage, intentional or negligent infliction of emotional distress, duress, loss of consortium, invasion of privacy, conspiracy, and negligence);

g. any and all Claims for compensatory, emotional distress, bodily injury, or punitive damages; and

h. any and all Claims for attorneys' fees and costs.

3. **Monetary Consideration.** The Parties agree that within thirty (30) days of delivery of the executed Agreement by Beverly and completed W-9 forms, RCO will cause to be delivered to counsel for Beverly, payment in the amount of Twenty Five Thousand Dollars and Zero Cents ($25,000.00) (referred to herein as the "Settlement Amount"). The Settlement Amount will be paid by three (3) separate checks, allocated as follows: (a) Four Thousand Three Hundred and Fifty Dollars and Two Cents ($ 4,350.02), less applicable withholding required by law, payable to "Lisa Beverly," reported on IRS form W-2; (b) Ten Thousand Dollars and Zero Cents ($ 10,000.00), payable to "Lisa Beverly," reported on IRS form 1099 as Box 3, "Other Income," as payment for Beverly's claim for non-economic and non-wage damages; and (c) Ten Thousand Six Hundred and Forty Nine Dollars and Ninety Eight Cents ($ 10,649.98), payable to "Saffren & Weinberg," reported on IRS form 1099 at Box 14, as "Gross proceeds paid to an attorney." The Settlement Amount is being paid in exchange for Beverly's General Release of Claims, as cited in Paragraph 2, and other promises in this Agreement.

4. **Indemnification.** Beverly acknowledges that RCO has not made any representation as to the taxability or the tax consequences of the Settlement Amount. Beverly acknowledges and agrees that she is solely responsible for the payment of any applicable state and/or federal income tax or other withholding not paid by RCO and will indemnify, defend, and

2

hold RCO, and its insurers, harmless from any claim for monies not withheld from any amount received by them under this Agreement, including any fines or penalties levied against RCO.

5. **Beverly's Acknowledgment.** Beverly understands that the General Release of Claims set forth in Paragraph 2 extends to all of the aforementioned claims and potential claims against the Released Parties, which arose on or before the date of the full execution of this Agreement, whether now known or unknown, suspected or unsuspected, and that this General Release of Claims constitutes an essential term of this Agreement. This General Release of Claims will not, however, preclude Beverly from bringing any action to enforce this Agreement if RCO fails to make the payments set forth in Paragraph 3.

6. **Acknowledgment of Consideration.** Beverly acknowledges that, in return for executing this Agreement, she is receiving the consideration described herein for which she is not otherwise entitled. Beverly agrees she is entitled to no other consideration or payment of any kind from RCO or the Released Parties.

7. **No Admission of Liability.** Neither the execution of this Agreement by the Released Parties, nor the terms hereof, constitute an admission by the Released Parties, or by any director, officer, principal, agent, or employee of the Released Parties, of liability with respect to any possible claim that was or could have been made by Beverly. By entering into this Agreement, the Released Parties do not admit, and expressly deny, that they have violated any contract, rule, law, statute or regulation, including, but not limited to, any federal, state or local law, statute, or regulation relating to employment, employment discrimination or retaliation, or that their actions were unwarranted, unjustified, discriminatory, retaliatory, or otherwise unlawful in any way.

8. **No Rehire.** Beverly confirms that her employment with RCO ended effective May 5, 2015. Beverly agrees she will not apply for or otherwise seek employment or reemployment with RCO or any of its affiliates or related corporations. Beverly further agrees not to take legal action of any kind as a result of a refusal by RCO or its affiliates or related corporations to consider her for employment.

9. **All Payments Due.** Beverly specifically represents and warrants that, upon receiving the Settlement Amount described herein, she will have been paid all compensation due and owing and arising out of her employment with RCO, including, but not limited to, wages, overtime, vacation, sick, bonuses, pension, and any other forms of compensation. Beverly acknowledges that the Released Parties have settled all obligations to her and agree to seek no further payment from the Released Parties.

10. **Confidentiality.** Beverly agrees to keep the terms of this Agreement, including the Settlement Amount and the negotiations leading to this Agreement, and the details pertaining to the Complaint, **strictly confidential**, except as required by legal process. Beverly represents that she will not disclose such information to anyone, either directly or indirectly, with the following exceptions. She may disclose the Settlement Amount to her attorneys, accountants and/or tax advisors in order to obtain professional advice within the scope of their representation.

3

All such individuals are also bound by this confidentiality pledge, and will be advised of these obligations by the person disclosing before any disclosures are made.

11. <u>Non-Interference and Non-Disparagement</u>. Beverly agrees that she will not, in any manner whatsoever, directly or indirectly, interfere with the business and third-party relationships of the Released Parties. In addition, Beverly agrees that she will not in any manner whatsoever, directly or indirectly, disparage the Released Parties or their services, or any aspects of their business operations.

12. <u>Breach</u>. Beverly understands that if she brings any future legal action or proceeding of any kind or makes any claim against the Released Parties for any claim released in this Agreement, the Released Parties will further be entitled to recover any damages proven to result from such breach and will be entitled to be reimbursed by Beverly for all reasonable legal fees, costs, and expense, including any lost profits and damages, incurred by the Released Parties in defending themselves and in enforcing their rights relative to such matters.

13. <u>Agreement To Withdraw Complaint and Refrain From Filing Any Claims</u>. Beverly agrees to dismiss, with prejudice and without costs and fees, the Complaint filed by Beverly against the Released Parties, and all claims in the Complaint that were or could have been asserted by or on behalf of Beverly. Beverly represents that she has not filed any other lawsuit or initiated on her behalf any proceeding against the Released Parties that is not being withdrawn as a part of this settlement. Beverly also agrees not to bring any lawsuit or initiate any other proceeding against the Released Parties, for any claim waived in any paragraph of this Agreement, and agrees, further, not to encourage anyone else to do so on her behalf, to the maximum extent possible under applicable law, and agrees that she will not benefit from any other action brought against the Released Parties.

14. <u>Medicare</u>. Beverly hereby warrants and represents that she presently is not, nor has she ever been, enrolled in Medicare Part A or Part B. Beverly warrants that she is not a Medicare recipient and that she does not plan on filing a claim for Medicare benefits at the present time. Further, Beverly represents and warrants that she has no claim for Social Security disability benefits nor is she appealing or re-filing for Social Security disability benefits. Beverly agrees to indemnify and hold the Released Parties harmless from any claims of, or right of recovery as a result of any future payment which may be made by Medicare or any other entity for or on behalf of Beverly for such future care. Beverly agrees to hold the Released Parties harmless for any loss of Medicare benefits or Social Security disability benefits Beverly may sustain as a result of this Agreement. In addition, Beverly agrees to release as part of this Agreement any right to bring any possible future action under Medicare Secondary Payer Statute against the Released Parties.

15. <u>Voluntary Execution</u>. Beverly certifies that she has read and/or had the terms of this Agreement explained to her by her counsel, and further acknowledges that she is over the age of eighteen (18) years of age and that she has entered into and executed this Agreement freely and voluntarily after complete consideration and understanding of all facts and legal claims.

16. <u>Governing Law and Forum Selection</u>. This Agreement will be governed by and construed under the laws of the Commonwealth of Pennsylvania, without regard to conflict of law principles. Any disputes relating to this Agreement will be resolved exclusively by a state or federal court in the Commonwealth of Pennsylvania.

17. <u>Entire Agreement</u>. This Agreement contains the entire agreement of the Parties with respect to the subject matter hereof and supersedes any prior agreements or understandings with respect to the subject matter hereof. The Parties acknowledge that in signing this Agreement they do not rely upon and have not relied upon any representation or statement made by any of the Parties or their agents with respect to the subject matter, basis or effect of this Agreement, other than those specifically stated in this written Agreement.

18. <u>Legally Binding</u>. The terms of this Agreement contained herein are contractual, and not a mere recital. This Agreement will be binding upon the Parties hereto and upon their heirs, administrators, representatives, executors and assigns. Beverly expressly warrants that she has not transferred to any person or entity any rights, causes of action or claims released in this Agreement. Beverly further represents and agrees that she is not impaired from signing this Agreement or releasing any right or claim released in this Agreement.

19. <u>Severability</u>. If any term or provision of this Agreement is held to be invalid or unenforceable for any reason, the validity or enforceability of the remaining terms or provisions will not be affected, and such term or provision will be deemed modified to the extent necessary to make it enforceable.

20. <u>Amendments</u>. Neither this Agreement nor any term hereof may be orally changed, waived, discharged, or terminated, and may be amended only by a written agreement between the Parties.

21. <u>Counterparts</u>. This Agreement may be signed in counterparts, each of which when executed and delivered, including by telecopy or email, will be deemed to be an original and all of which together will constitute one instrument. Photographic (including Adobe Acrobat formatted or other PDF documents) and/or facsimile copies of such signed counterparts may be used in lieu of the originals for any purpose.

**IN WITNESS WHEREOF,** the Parties have caused this Agreement to be executed.

**Lisa Beverly**

_____  Dated: _____
By: Lisa Beverly, on her own behalf

**RC Operator, LLC**

_____  Dated: _____
By: _____
Title: _____

5

# EXHIBIT B

# SAFFREN & WEINBERG
815 Greenwood Avenue
Suite 22
Jenkintown, PA 19046

## FEE AGREEMENT

1. This letter sets forth the terms of the agreement under which you retain the law firms of Saffren & Weinberg. (identified herein as "Law Firms") to represent you in claims against _William Taphouse_, or any and all responsible parties arising from your Employment Discrimination Action. This fee agreement shall supersede any prior fee agreements you entered into relating these claims. You agree to pay the Law Firms a contingent fee equal to forty percent (40%) of the gross recovery that you shall recover as result of settlement, order, judgment, verdict or court decree or any other recovery. This contingent fee shall be calculated based upon all forms of damages or other monetary relief that is recovered.

2. If you receive no recovery, you will not be responsible for paying any fees to the Law Firms, and the Law Firms will have no claim against you for legal services rendered.

3. The Law Firms shall advance or pay on your behalf, any reasonable and necessary cost including but not limited to investigation fees, expert witness fees, court filing fees, court reporter fees for depositions or trial transcripts, and all other reasonable and necessary expenses relating to the Law Firms' representation of you that are not part of the Law Firms' ordinary overhead. All costs advanced or paid by the Law Firms shall be reimbursed to the Law Firms after the contingent fee is paid from any amount recovered by way of settlement, order, judgment, verdict or court decree, or any other recovery. If a reasonable offer of settlement is provided by the responsible party, and acceptance of the offer of settlement is recommended by the Law Firms, mediator, and/or Judge, and you reject said offer of settlement, all costs from that point on shall be paid in advance by you. This does not mean that you must accept the settlement; rather, it just means that costs from that point on are paid by you. Because, this does not compel you to accept a settlement, the Law Firms shall continue to represent you. This fee agreement shall be in effect up and through any final adjudication and/or trial in this case.

This fee agreement does not encompass any appeal process related to this case. It is the sole discretion of the Law Firms to decide if they or either one of them wishes to agree to represent you in any appeal in this case. If the Law Firms or either one of them agree to represent you in any appeals related to this case, such representation shall be pursuant to a separate agreement between you and the Law Firms or either one of them. The appeal process applies to any appeal related to this case whether from arbitration or trial.

4. If attorneys' fees are awarded by the court, or if there is a settlement of the claims that includes attorney's fees, and if the amount of attorney's fees awarded or recovered are equal to or greater than the amount of the 40% contingency fee, the Law Firms' entire fee shall consist of the amount of attorney's fees awarded or recovered, and you should not be responsible for the

40% contingency fee, or any portion of it. If under this Section, the amount of attorney's fees awarded or recovered is <u>less</u> than the amount of the 40% contingency fee, then the Law Firms shall receive the entire amount of attorney's fees that are awarded or recovered, which will also be credited against the 40% contingency fee, and you shall only be responsible for paying, as a fee, the difference between the amount that is awarded or recovered and the 40% contingency fee.

5. In determining the amount of compensation to you and the Law Firms under this agreement as a result of settlement, award, judgment or recovery of any kind, no credit or reductions of attorneys' fees under this agreement will be made for funds retained or withheld by the defendant for taxes, or for any amounts owed or payable by you in taxes – the attorneys' fees received by the Law Firms under this agreement will be determined based upon the gross, or before tax, value of any settlement, award, judgment or recovery of any kind.

6. If you choose to terminate your representation by the Law Firms prior to the conclusion of this matter, at the time of termination you shall agree that the Law Firms have a lien against your case in the amount of the attorneys' normal hourly rates, which are currently $400.00 per hour and may be changed prospectively to reflect the time spent on your case. Additionally, to agree that the Law Firms shall have a lien against your case for any and all fees and costs which they have paid out of pocket.

7. The Law Firms have sole discretion whether to file a federal and/or state action in an appropriate Court on your behalf, once the EEOC and/or State Administrative Agency makes its final determination. If the Law Firms or either of them individually, decides not to proceed in Court on your behalf, this agreement terminates, and any further representation of you shall be under a separate agreement.

8. Administrative Agencies such as the EEOC or the PaHRC may send you correspondence directly. **YOU MUST INFORM THIS FIRM THAT YOU RECEIVED SUCH CORRESPONDENCE IMMDEDIATELY.** These Agencies may not properly forward such information to us and these documents may affect the Statutes of Limitations in your case.

9. I hereby grant power of attorney for the limited purpose of endorsing our names upon any draft in final settlement or resolution of this matter only to be deposited into an attorney escrow account and to pay any liens owed against this case for medical bills, Medicare Liens, DPW Liens, Child Support Liens, etc., and no funds shall be distributed to attorney or any other party until a final schedule of distribution has been presented in writing and approved.

10. The date of my termination is _____5.5.15_____. This firm shall use this date for all statute of limitations.

If you understand and agree to all terms set forth in this letter, please sign below and return this agreement to us.

_____      _5.29.17_
SAFFREN & WEINBERG                    Date
Marc A. Weinberg, Esquire

_____     _5/29/17_
CLIENT                                     Date