IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BEVERLY,<br>        Plaintiff | : CIVIL ACTION<br>:<br>: |
| vs. | : NO. 2:18-cv-1869<br>: |
| RC OPERATOR, LLC<br>f/k/a WILLOW TERRACE<br>        Defendant | :<br>:<br>: |

## ORDER

**AND NOW,** on this _____ day of _____, 2021, upon consideration of the Plaintiff, Lisa Beverly's Motion for Civil Contempt for the Defendant's Failure to Comply with the Court's January 19, 2021 Order, and any opposition thereto, it is hereby **ORDERED** and **DECREED** that the Motion is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant is to remit payment of the Settlement funds to Plaintiff, in the amount $25,000.00, and post-judgment interest in the amount of $_____, accruing from the date of the settlement agreement, and

**IT IS FURTHER ORDERED** that Defendant is to pay $_____ for Plaintiff's attorneys fees, within _____ days of the date of this Order.

BY THE COURT:

_____
**ELIZABETH Y. HEY**
**UNITED STATES MAGISTRATE JUDGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BEVERLY, | : CIVIL ACTION |
| Plaintiff | : |
| | : |
| vs. | : NO. 2:18-cv-1869 |
| | : |
| RC OPERATOR, LLC | : |
| f/k/a WILLOW TERRACE | : |
| Defendant | : |

## MOTION FOR CIVIL CONTEMPT AND AWARD OF SANCTIONS FOR DEFENDANT'S FAILURE TO COMPLY WITH THE COURT'S JANUARY 19, 2021 ORDER

Plaintiff, Lisa Beverly (hereinafter "Plaintiff") files this Motion for Civil Contempt and Award of Sanctions for the Defendant's failure to comply with the Court's January 19, 2021 Order. In support of this Motion, the Plaintiff relies upon the points set forth in the accompanying Memorandum of Law, and all exhibits and other supporting documents. A proposed Order is attached. Plaintiff requests the instant Motion be granted.

Respectfully submitted,

By: _____
Marc A. Weinberg, Esq.
*Saffren & Weinberg*
815 Greenwood Ave., Ste. 22
Jenkintown, PA 19046
p: (215) 576-0100
mweinberg@saffwein.com
*Counsel for Plaintiff*

Dated: 4/26/21

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BEVERLY, <br> Plaintiff <br><br> vs. <br><br> RC OPERATOR, LLC <br> f/k/a WILLOW TERRACE <br> Defendant | : CIVIL ACTION <br> : <br> : <br> : NO. 2:18-cv-1869 <br> : <br> : <br> : <br> : |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF, LISA BEVERLY'S MOTION FOR CIVIL CONTEMPT AND AWARD OF SANCTIONS FOR DEFENDANT'S FAILURE TO COMPLY WITH THE COURT'S JANARY 19, 2021 ORDER.

**I.      Introduction**

This Motion comes before the Court as the result of the failure of Defendant, RC Operator, LLC to properly and timely remit payment in accordance with a signed Settlement Agreement and General Release, which was entered into by the parties, and previously approved by the Court. On January 19, 2021, this Court entered an Order reopening the case, and Enforcing Settlement (ECF No. 52), ordering Defendant to remit payment to the Plaintiff within thirty (30) days of the date of the Order. To date, Plaintiff has not received payment from the Defendant. Plaintiff now seeks intervention from the Court.

**II.      Statement of Facts**

This matter arises from Plaintiff's claims alleging that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, the Pennsylvania Wage Payment and Collection Law, Act of 1961 P.L. 637, No. 329, Pennsylvania common law under *Schick v. Shirley*, 716 A.2d 1231 (Pa. 1998), and retaliation under the FLSA.

Plaintiff, Lisa Beverly, was hired by the Defendant on or about October, 2011, as a registered nurse at the Willow Terrace facility. During her time as an employee, Ms. Beverly alleges that she was not paid for overtime, nor for her regular pay. Ms. Beverly alleges that she was unfairly and improperly compensated by the Defendant in 2013, 2014 and 2015 (when she was ultimately terminated). Ms. Beverly alleges that she properly reported to work, and completed her shifts, but was terminated on March 5, 2015, allegedly in retaliation for her complaints to her employer regarding unpaid wages.

The parties attended a Settlement Conference before the Honorable Thomas J. Rueter, on August 6, 2019. At that conference, the parties agreed to a settlement, amounting to twenty-five thousand ($25,000.00) dollars, as compensation for full releases of all of Plaintiff's claims, including her claims for unpaid wages. Following the Settlement Conference, the parties filed a Joint Motion to Approve the FLSA settlement reached by the parties, which was granted by this Court on September 12, 2019. (ECF No. 43). Within the Joint Motion, the parties presented the Court with the Confidential Settlement Agreement and General Release, which included a provision for the release of Plaintiff's claims against the Defendant, as well as the following provision: "this General Release of Claims, will not, however, preclude Beverly from bringing any action to enforce this agreement if RCO fails to make the payments set forth in Paragraph 3."

On September 13, 2019, after granting the Motion to Approve Settlement, this Court dismissed this matter with prejudice, pursuant to Rule 41.1(b) of the Local Rules of Civil Procedure. (ECF No.: 44). Subsequently, Plaintiff filed a Motion to Reopen Case and Enforce Settlement, which was unopposed by the Defendant. (See ECF No. 46 and ECF No. 52). On January 19, 2021, this Court granted the Plaintiff's Motion and ordered Defendant to remit

payment of the settlement funds to the Plaintiff within thirty (30) days of the date of the Court's Order. Payment was due from the Defendant on February 19, 2021. To date, no payment has been received. As such, Plaintiff now moves for sanctions against the Defendant for its failure to comply with the Court's January 19, 2021 Order (ECF No. 52).

### III. Legal Argument

#### A. Defendant's Failure to Comply with the Court's January 19, 2021 Order Warrants the Sanction of Civil Contempt, As Well As Monetary Sanctions.

As a general rule, a litigant's failure to comply with a Court order to enforce a settlement agreement can be punished by civil contempt. *See Institute for Motivational Living, Inc. v. Doulos Institute for Strategic Consulting*, 110 F. App'x. 283, 287 (3d Cir. 2004). [1] Accordingly, a district court has the "inherent power to enforce compliance with their lawful orders through civil contempt." *Spallone v. United States*, 493 U.S. 265, 276, (1990) (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1996)); *see also Schutter v. Herskowitz*, No. 07-3823, 2008 U.S. Dist. LEXIS 91424 at *4 (E.D. Pa. Nov. 6, 2008) (Strawbridge, J.). To hold an individual in civil contempt, the court must find that "(1) a valid court order existed, (2) the [individual] had knowledge of the order, and (3) the [individual] disobeyed the order." *John T. ex. rel. Paul T. v. Del. Cty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003) (quoting *Harris v. City of Phila.*, 47 F.3d 1311, 1326 (3d Cir. 1995)); *see also Lawn Doctor, Inc. v. Rizzo*, 646 F. App'x 195, 199

---

[1] Currently, this matter is before Magistrate Judge Hey, and accordingly, Plaintiff argues that this Motion can properly be decided by Judge Hey, as contempt authority has been conferred upon magistrate judges by statute. *See* 28 U.S.C. § 636(e). *See also Wallace v. Kmart Corp.*, 687 F.3d 86, 91-92 (3d Cir. 2012) (recognizing that magistrate judges are authorized to "exercise the civil contempt authority of the district court" in civil cases where the magistrate judge is presiding by consent of the parties pursuant to 28 U.S.C. § 636(c) (quoting 28 U.S.C. § 636(e)(4)). Here, Judge Kenney referred this matter to Magistrate Judge Hey, and accordingly, Plaintiff argues that Judge Hey has the same civil contempt authority as a district judge. Judge Hey has already granted the Plaintiff's Motion to Enforce, as well as held a status conference in this matter regarding the status of the settlement, and Plaintiff submits that Judge Hey may rule on Plaintiff's Motion for Contempt.

n.4 (3d Cir. 2016) (not precedential). These elements must be proven by clear and convincing evidence. *Robin Woods Inc. v. Woods*, 28 F.3d 396, 399 (3d Cir. 1994) (citing to *Quinter v. Volkswagen of America*, 676 F.2d 969, 974 (3d Cir. 1982)). The petitioning party has the burden in civil contempt proceedings. *Lawn Doctor, Inc.*, 646 F. App'x at 201 (citing to *Howard Johnson Co., Inc. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990)).

The underlying purpose of civil contempt sanctions is twofold: (1) "to coerce the defendant into compliance with the court's order" and (2) "to compensate for losses sustained by the disobedience." *Robin Woods Inc.*, 28 F.3d at 400 (quoting *McDonald's Corp. v. Victory Investments*, 727 F.2d 82, 87 (3d Cir. 1984)); *see also Willy v. Coastal Corp.*, 503 U.S. 131, 139, (1992) ("Civil contempt is designed to force the contemnor to comply with an order of the court . . . ."). Additionally, the district court has "wide discretion in fashioning a remedy." *Robin Woods, Inc.*, 28 F. 3d at 399 (quoting *Delaware Valley Citizens' Council v. Pennsylvania*, 678 F.2d 470, 478 (3d Cir. 1982)).

In the present matter the plaintiff has demonstrated through clear and convincing evidence that civil contempt is warranted in this case. First, it cannot be disputed that a valid court Order exists in this matter. The Court issued an Order on Plaintiff's Motion to Reopen and Enforce Settlement - which was unopposed by the Defendant - on January 19, 2021. Thereafter, the Court even held a conference as to the status of the funds and payment of the funds to the Plaintiff. Additionally, at no point following the entry of the Order did the Defendant challenge the Order through reconsideration, or move to vacate the Order. It also cannot be disputed that that the defendant had knowledge of the Order, as Defendant wrote to the Court advising that it did not oppose the Plaintiff's Motion. Further, the Defendant is represented by counsel, who

receives electronic notifications of Court filings, and who received notice of the status conference. Finally, it cannot be disputed that the Defendant has disobeyed the COurt's January 19, 2021 Order. To date, Defendant has not remitted payment to the Plaintiff, nor offered any viable reason why the Court Order cannot be obeyed. *See, Roe v. Operation Rescue*, 54 F.3d 133, 137 (3d Cir. 1995).

In addition to the sanction of contempt, sanctions may include an award that "seeks to make reparation to the injured party and restore the parties to the position they would have held had the injunction been obeyed." When crafting a coercive sanction, the court must consider "the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *United States v. United Mine Workers of America*, 330 U.S. 258, 304, 67 S. Ct. 677, 91 L. Ed. 884 (1947). The Third Circuit has cautioned that the "least coercive sanction (e.g., a monetary penalty) reasonably calculated to win compliance with its orders" should be implemented. *Pasternack v. Klein*, No. 14-2275, 2017 U.S. Dist. LEXIS 64135, 2017 WL 1508970, at *2 (E. D. Pa. April 27, 2017) (quoting *Matter of Grand Jury Impaneled Jan. 21, 1975*, 529 F.2d 543, 551 (3d Cir. 1976)). If ineffective, the sanctions may be increased or changed. *Id.* In *Pasternack*, Judge Schiller commented that a fine between "$100 and $1,000 per day is often used to coerce compliance with court orders." *Id.*

Here, based upon Defendant's willful non-compliance with the Court's January 19, 2021 Order, a fine is appropriate to ensure compliance. Additionally, pursuant to *28 U.S.C.S § 1961(a)*, Plaintiff is entitled to post-judgment interest, which should accrue from the date of the settlement agreement, which should be viewed as the date of judgment in this matter. Finally, Plaintiff is

entitled to attorney's fees, as Defendant's continued non-compliance has forced Plaintiff's counsel to expend time, and resources in trying to collect the monies agreed upon, and promised to the Plaintiff. Defendant has offered no reasonable basis as to why it cannot comply with the Court's Order, and as such, sanctions are clearly warranted in this matter.

**IV.   Conclusion**

For all the foregoing reasons, it is respectfully requested this Honorable Court grant the Plaintiff's Motion for Civil Contempt and Award of Monetary Sanctions.

Respectfully submitted,

By: _____
Marc A. Weinberg, Esq.
*Saffren & Weinberg*
815 Greenwood Ave., Ste. 22
Jenkintown, PA 19046
p: (215) 576-0100
mweinberg@saffwein.com
*Counsel for Plaintiff*

Dated: 4/26/21

## CERTIFICATE OF SERVICE

I, Marc A. Weinberg, Esquire, certify that a true and correct copy of Plaintiff's Motion for Civil Contempt and Monetary Sanctions, and Memorandum of Law, were electronically filed with the Court on the date below and is available for viewing and downloading from the ECF System maintained by the Eastern District Of Pennsylvania, and to best knowledge of the undersigned, all parties are represented by counsel who have access to the ECF System.

SAFFREN & WEINBERG

BY: /s/

MARC A. WEINBERG, ESQ.
*Attorney for Plaintiff*
Pa. Atty. I.D. 60643
815 Greenwood Ave, Suite 22
Jenkintown, PA 19046
Phone: (215) 576-0100
Mweinberg@saffwein.com

Dated: April 26, 2021