## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA BEVERLY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| RC OPERATOR, LLC | : | |
| *f/k/a* | : | |
| WILLOW TERRACE | : | NO. 18-1869 |

## <u>MEMORANDUM AND ORDER</u>

ELIZABETH T. HEY, U.S.M.J.                                                                          May 13, 2021

In this action, Plaintiff, Lisa Beverly ("Plaintiff"), sought damages against

Defendant RC Operator, LLC, formerly known as Willow Terrace ("Defendant"), for

violations of the Fair Labor Standards Act ("FLSA"), the Pennsylvania Wage Payment

and Collection Law, Pennsylvania common law, and retaliation under the FLSA. <u>See</u>

Amended Complaint (Doc. 10). The parties reached a settlement which the court

approved by Order dated September 19, 2019 (Doc. 43), and the undersigned

subsequently granted Plaintiff's unopposed motion to reopen the case and enforce

settlement by Order dated January 19, 2021 (Doc. 52). Presently before the court is

Plaintiff's motion for civil contempt and award of sanctions (Doc. 55), to which

Defendant has not responded. For the reasons that follow, the motion will be granted in

part and denied in part.[1]

---

[1]By Order dated May 12, 2021, the Honorable Chad F. Kenney referred this
motion to me for decision. Doc. 56.

## I.    <u>PROCEDURAL BACKGROUND</u>

Plaintiff commenced this action on May 3, 2018.  Doc. 1 (Complaint).  The parties

agreed to a settlement on August 6, 2019, and subsequently memorialized the terms in a

settlement agreement and general release.  <u>See</u> Confidential Settlement Agreement and

General Release, attached to Doc. 39 at Exh. "A" ("Settlement Agreement").  Under the

terms of the Settlement Agreement, Defendant agreed to pay Plaintiff the sum of

$25,000.00, in three payments.  Settlement Agreement ¶ 3.  In return, Plaintiff agreed to a

general release of all claims, including "any and all claims for attorneys' fees and costs."

<u>Id.</u> ¶ 2(h).  The Settlement Agreement also provides that the general release "will not . . .

preclude [Plaintiff] from bringing any action to enforce this Agreement if [Defendant]

fails to make the payments set forth in Paragraph 3."  <u>Id.</u> ¶ 5.

By Order dated September 12, 2019, Judge Kenney granted the parties' joint

motion to approve settlement (Doc. 43), and one day later dismissed the action with

prejudice pursuant to Rule 41.1(b) of the Local Rules of Civil Procedure.  Doc. 44.  In

their motion, the parties noted that "an overriding factor in considering this resolution

between the parties was the insolvency of the defendant."  Doc. 39 at 4.

By letter dated November 4, 2020, counsel for Plaintiff notified the court that

Defendant had failed to make any payment as required pursuant to the Settlement

Agreement.  Doc. 45.  Thereafter, on December 22, 2020, Plaintiff filed a motion to

reopen the case and enforce settlement.  Doc. 46.  Judge Kenney referred the motion to

me for a settlement conference and/or decision.  Doc. 48.  I held a teleconference with

counsel on January 5, 2021 (Doc. 50), and granted counsel's oral request for a seven-day

extension in which to respond to Plaintiff's motion. Doc. 51. Defendant did not file a response to the motion, but notified the court by letter dated January 12, 2021, that it did not oppose the motion.

On January 19, 2021, I granted Plaintiff's motion to reopen and gave Defendant thirty days in which to pay over to Plaintiff the settlement amount of $25,000.00. Doc. 52. Defendant did not pay the sum as directed, offering no explanation for its failure to do so. Indeed, in response to queries from the court made in the weeks following the February 19, 2021 payment deadline, counsel for Defendant repeatedly represented that he could not provide a status update to the court because he had been unable to reach his client. During a status teleconference with the undersigned held on April 9, 2021, counsel for Defendant again stated that he had been unable to speak with his client. Doc. 54. To date, Defendant has offered no explanation for its failure to comply with the January 19, 2021 order, nor has counsel for Defendant updated the court on any communications he has had with his client.

On April 26, 2021, Plaintiff filed this motion seeking a finding of civil contempt and award of sanctions for Defendant's failure to comply with the court's January 19, 2021 order, as well as post-judgment interest and attorney fees. Doc. 55. Defendant did not file a response nor seek an extension of time in which to do so.

## II.  DISCUSSION

### A.  Civil Contempt and Sanctions

A district court has the "inherent power to enforce compliance with their lawful orders through civil contempt." Spallone v. United States, 493 U.S. 265, 276 (1990)

(citation omitted); see also Schutter v. Herskowitz, Civ. No. 07-3823, 2008 WL 4822012, at *4 (E.D. Pa. Nov. 6, 2008) (Strawbridge, J.) (same). The underlying purpose of civil contempt sanctions is twofold: (1) "to coerce the defendant into compliance with the court's order," and (2) "to compensate for losses sustained by the disobedience." Robin Woods, Inc. v. Woods, 28 F.3d 396, 400 (3d Cir. 1994). To hold an individual in civil contempt, the court must find (1) a valid court order existed, (2) the party had knowledge of the order, and (3) the party disobeyed the order. John T. v. Del. Cty. Intermediate Unit, 318 F.3d 545, 552 (3d Cir. 2003). These elements must be proven by clear and convincing evidence, and ambiguities must be resolved in favor of the party charged with contempt. Harris v. City of Phila., 47 F.3d 1311, 1326 (3d Cir. 1995). Willfulness is not an element of contempt, nor does evidence of good faith bar a finding of contempt. Robin Woods, 28 F.3d at 399.

Upon a finding of contempt, appropriate sanctions may include a coercive daily fine, a compensatory fine, coercive incarceration, or a combination of these. Int'l Union, United Mine Workers v. Bagwell, 512 U.S. 821, 827-29 (1994). The court has wide discretion in fashioning a remedy, see Robin Woods, 28 F.3d at 399, but the Third Circuit has cautioned that the court should implement the "least coercive sanction (e.g., a monetary penalty) reasonably calculated to win compliance with its orders." Pasternack v. Klein, Civ. No. 14-2275, 2017 WL 1508970 at *2 (E. D. Pa. April 27, 2017) (quoting Matter of Grand Jury Impaneled Jan. 21, 1975, 529 F.2d 543, 551 (3d Cir. 1976)); see also Shmuely v. Transdermal Specialties, Inc., Civ. No. 17-01684, 2019 WL 3002942 (E.D. Pa. July 10, 2019) (Lloret, M. J.) (party in contempt for failing to satisfy payment

obligations under settlement agreement and to provide court-ordered financial information, and imposing progressive sanctions for civil contempt including a daily fine of $500 and potential incarceration).

Here, there is no question that the court's January 19, 2021 order was valid, that Defendant had knowledge of the order, and that Defendant failed to fulfill its obligation to remit payment of the settlement amount of $25,000.00 to Plaintiff within thirty days. Defendant did not contest Plaintiff's motion to reopen and enforce settlement, and counsel for Defendant received notification from the court's ECF system, responded to multiple email queries from the court, and participated in the April 9, 2021 teleconference. Defendant simply ignored the January 19, 2021 order without explanation, just as it has ignored the present motion. While Defendant's alleged insolvency, referenced in the parties' joint motion for approval, may provide context for Defendant's failure to comply, Defendant has provided no basis for the court to find anything other than that Defendant violated its obligation.

Accordingly, I find that Defendant in contempt of the court's January 19, 2021 order, and will impose sanctions in the amount of $5,000.00 for Defendant's failure to abide by this court's January 19, 2021 order.

### B.    Post-Judgment Interest

Plaintiff also seeks post-judgment interest, arguing that the Settlement Agreement date should be construed as the judgment date. Doc. 55 at 7. Plaintiff's request for post-judgment interest is premature. Federal law states that post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court," 28 U.S.C.

§ 1961(a), computed daily to the date of payment at the statutory rate, compounded annually.  Id. § 1961(b).  Here, no final judgment has been entered, and there is no support for construing the settlement date as a judgment date for purposes of post-judgment interest.  Accordingly, this aspect of the motion will be denied without prejudice.

### C.  **Attorney Fees**

Plaintiff also seeks an award of attorney fees for efforts or actions undertaken to obtain compliance.  Doc. 55 at 7-8.  Although the parties agreed that the general release "will not . . . preclude [Plaintiff] from bringing any action to enforce this Agreement if [Defendant] fails to make the payments set forth in Paragraph 3," Settlement Agreement ¶ 5, they made no reference to payment of fees and costs arising from any such action.  The only reference to attorney fees in the Settlement Agreement is in the general release section itself, wherein Plaintiff agreed to the release of "any and all claims for attorney's fees and costs."  Id. ¶ 2(h).  Accordingly, this aspect of the motion will be denied.

## III.  **CONCLUSION**

Plaintiff's motion will be granted to the extent that Defendant shall be ordered to pay Plaintiff the settlement amount of $25,000.00 and sanctions in the amount of $5,000.00, both due immediately, for Defendant's failure to abide by this court's January 19, 2021 order.  Plaintiff's motion will be denied without prejudice as to post-judgment interest, as no final judgment has been entered in this case.  The motion will be denied in all other respects.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA BEVERLY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| RC OPERATOR, LLC | : | |
| *f/k/a* | : | |
| WILLOW TERRACE | : | NO. 18-1869 |

## <u>ORDER</u>

AND NOW, this 13th day of May 2021, upon consideration of Plaintiff's motion for civil contempt and sanctions, as well as post-judgment interest and attorney fees (Doc. 55), to which Defendant has not responded, IT IS HEREBY ORDERED that the motion is GRANTED IN PART AND DENIED IN PART.  The motion is GRANTED to the extent that Defendant is ordered to pay Plaintiff:

1. The settlement amount of $25,000.00, due immediately; and

2. Sanctions in the amount of $5,000.00, due immediately, for Defendant's failure to abide by this court's January 19, 2021 order.

The motion is DENIED WITHOUT PREJUDICE as to post-judgment interest, as final judgment has not been entered.

In all other respects the motion is DENIED.

BY THE COURT:

/s/ ELIZABETH T. HEY

_____

ELIZABETH T. HEY, U.S.M.J.